# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES BARNES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-09-104 CLS |
| | ) | |
| SERVICE TIRE TRUCK | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: April 24, 2020
Date Decided: June 5, 2020

*Upon Plaintiff James Barnes Jr.'s Motion for Partial Summary Judgment*
**Denied.**

## ORDER

Charles J. Brown, III, Esquire, Gellert Scali Busenkell & Brown, LLC, Wilmington, Delaware, Attorney for Plaintiff.

Shane C. Heberling, Esquire, Elio Battista, Jr., Esquire, Parkowski, Guerke & Swayze, P.A., Rehoboth Beach, Delaware, Attorneys for Defendant.

**SCOTT, J.**

1

Before the Court is Plaintiff James Barnes Jr.'s Motion for Partial Summary Judgment on Wage Claim. For the following reasons, Plaintiff's motion is DENIED.

## Background

Plaintiff James Barnes Jr. ("Plaintiff") was hired by Defendant Service Tire Truck Center, Inc. ("Defendant) for a three-year term of employment beginning on March 12, 2018 and ending on March 11, 2021. Plaintiff was terminated in August 2019. Plaintiff has brought suit against Defendant alleging a violation of Delaware's Wage Payment and Collection Act and breach of contract.

## Parties' Assertions

Plaintiff moved for partial summary judgment on his wage claim. Plaintiff contends that there is no dispute that Defendant improperly withheld $13,878 of Plaintiff's wages. In response, Defendant argues that summary judgment is inappropriate because there are genuine issues of material fact relating to Plaintiff's wage claim. Defendant argues that the amount of unpaid wages and whether Defendant improperly withheld these wages is still in dispute. Defendant further contends that summary judgment is inappropriate at this time because the parties have not completed discovery.

## Standard of Review

Under Superior Court Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is

2

entitled to judgment as a matter of law.[1] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[2] This Court considers all of the facts in a light most favorable to the non-moving party.[3]

## Discussion

In a motion for summary judgment, the moving party bears the initial burden of showing that there are no material issues of fact.[4] If the moving party makes this showing, then the burden shifts to the nonmoving party to show that there are material issues of fact.[5] In support of his motion for summary judgment, Plaintiff submitted an affidavit from Plaintiff and an email from Defendant's president, Walter Dealtry, to Plaintiff. In the email, Mr. Dealtry stated: "Jamie, I heard we didn't pay you the 'commission' part of your income for the past 6 months. Per Mary, we missed 15 payments of $1,538.46 to Jamie, totaling $23,076.90."[6] Plaintiff's affidavit explains that Mr. Dealtry later informed Plaintiff that he would receive only $10,000 of his unpaid wages and the remaining balance would be

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).
[3] *Id.*
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id.* at 681.
[6] Pl.'s Mot. Partial Summ. J. Ex. B.

3

applied to a $40,000 debt that Defendant claimed was owed to it by Tire Truck America Ltd.—a company with which Plaintiff was previously involved.[7] In response to Plaintiff's motion, Defendant submitted an affidavit from Mr. Dealtry disputing that Defendant owed Plaintiff $13,878 in unpaid wages and disputing that Defendant improperly withheld Plaintiff's wages.[8]

Plaintiff has not shown that there are no genuine issues of material fact. Plaintiff provided the Court with Plaintiff's sworn version of events, which was then rebutted by Defendant's sworn version of events. Should the Court rule in Plaintiff's favor, the Court would effectively be choosing Plaintiff's story over Defendant's. The Court will not make this choice. Summary judgment is not the appropriate venue for determining witness credibility.[9] The Court finds that there are genuine issues of material fact regarding Plaintiff's wage claim; accordingly, summary judgment on Plaintiff's wage claim is improper.

---

[7] Pl.'s Mot. Partial Summ. J. Ex. D.
[8] Def.'s Resp. Pl.'s Mot. Partial Summ. J. Aff.
[9] *Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002) ("If the matter depends to any material extent upon a determination of credibility, summary judgment is inappropriate.").

## Conclusion

For the forgoing reasons, Plaintiff's Motion for Partial Summary Judgment is

**DENIED.**

**IT IS SO ORDERED.**

_____

**The Honorable Calvin L. Scott, Jr.**